UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE ARDEN SHERMAN,<br><br>Defendant. | Case No. 3:24-cr-05252-TMC<br><br>ORDER GRANTING MOTION TO SEAL |

## I.   ORDER

Before the Court is Defendant Jesse Sherman's motion to seal his sentencing memorandum and attached exhibits. Dkt. 27. The United States did not file a response to the motion but stated at the sentencing hearing that it opposed the motion to seal (except for one exhibit) and believed Mr. Sherman's privacy concerns could be addressed with redactions. At the Court's request, counsel for Mr. Sherman submitted supplemental authority after the hearing for sealing the documents, along with proposed redacted versions if the Court denied the motion. Dkt. 35, 36.

The public generally has a qualified First Amendment right of access to court documents and proceedings, including in-court sentencing proceedings and documents related to the same. *See United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017) (citing *United States v. Rigera*, 682

ORDER GRANTING MOTION TO SEAL - 1

F.3d 1223, 1229 (9th Cir. 2012); *United States v. Biagon*, 510 F.3d 844, 848 (9th Cir. 2007); *CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir. 1985)). "Where the public has a qualified First Amendment right of access, 'criminal proceedings and documents may be closed to the public without violating the [F]irst [A]mendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 998 (quoting *Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990)). "The court must not base its decision on conclusory assertions alone, but must make specific factual findings." *Id.* (quoting *Oregonian*, 920 F.2d at 1466).

Here, the sentencing memorandum and exhibits make extensive reference to Mr. Sherman's mental health condition and records. The Court finds that (1) sealing these documents serves a compelling interest in protecting Mr. Sherman's privacy in his sensitive mental health information; (2) without sealing, there is a substantial probability that this interest would be harmed by the extent of the disclosures on the public docket; and (3) given the pervasive discussion of the mental health information throughout the documents, and the importance of presenting that information at sentencing, redaction would not adequately protect the compelling interest.

The motion to seal (Dkt. 27) is therefore GRANTED. The documents filed at Dkt. 28, 29, and 36 shall remain sealed.

Dated this 24th day of April, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO SEAL - 2